**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

CLEMENCE ZENGUI GOMA,

*Petitioner,*

v.

JOHN ASHCROFT, Attorney General,

*Respondent.*

No. 02-2295

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A76-470-423)

Submitted: July 31, 2003

Decided: August 19, 2003

Before WILKINSON, MOTZ, and SHEDD, Circuit Judges.

Petition denied by unpublished per curiam opinion.

## COUNSEL

Cynthia B. Rosenberg, ROURKE & ROSENBERG, L.L.C., Baltimore, Maryland, for Petitioner. Robert D. McCallum, Jr., Assistant Attorney General, Mary Jane Candaux, Senior Litigation Counsel, Anh-Thu P. Mai, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Clemence Zengui Goma, a native and citizen of the Republic of Congo, petitions for review of an order of the Board of Immigration Appeals (Board). The order affirmed, without opinion, the Immigration Judge's (IJ) decision denying Goma's applications for asylum, withholding of removal, voluntary departure, and for relief under the Convention Against Torture.

On appeal, Goma asserts that the Board erred in designating her case as appropriate for affirmance without opinion, after review by a single Board member, in accordance with the procedure set out in 8 C.F.R. § 1003.1(a)(7) (2003). This section allows a single Board member to enter an order affirming the result of the IJ's decision if the result reached is correct; any errors are harmless or nonmaterial; and either the issue on appeal is squarely controlled by Board or federal circuit court precedent and does not involve application of precedent to a novel fact situation, or the factual and legal questions raised are so insubstantial that three-member review is not warranted. 8 C.F.R. § 1003.1(a)(7)(ii).

We reject Goma's challenges to the Board's use of the procedure in her case based on our finding that the summary affirmance was appropriate here under the factors set forth in § 1003.1(a)(7)(ii). In addition, we find Goma's challenge to the summary affirmance procedure on due process grounds to be without merit. *See Falcon-Carriche v. Ashcroft*, ___ F.3d ___, 2003 WL 21639040, *1 (9th Cir. July 14, 2003); *Georgis v. Ashcroft*, 328 F.3d 962, 967 (7th Cir. 2003); *Mendoza v. United States Attorney Gen.*, 327 F.3d 1283, 1288-89 (11th Cir. 2003); *Soadjede v. Ashcroft*, 324 F.3d 830, 832-33 (5th Cir. 2003; *Gonzalez-Oropeza v. United States Attorney Gen.*, 321 F.3d 1331, 1333-34 (11th Cir. 2003); *Albathani v. INS*, 318 F.3d 365, 375-79 (1st Cir. 2003); *cf. Khattak v. Ashcroft*, 332 F.3d 250, 253 (4th

Cir. 2003) (rejecting a retroactivity challenge to the Board's summary affirmance procedure and concluding that "allowing summary opinions in clear cases is nothing more than a procedural change that does not affect substantive rights").

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*PETITION DENIED*